UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| JESSICA SMITH, | ) |
| | ) |
| on behalf of herself and those similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case no. 2:21cv194 |
| | ) |
| SMITHFIELD FOODS, INC., | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Now comes Plaintiff Jessica Smith ("Plaintiff") by and through counsel, and for her Complaint against Defendant Smithfield Foods, Inc. ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this Judicial District and maintains its principal place of business at 200 Commerce St, Smithfield, VA, 23430.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Robeson County, North Carolina.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant was a corporation organized and existing under the laws of the State of Virginia.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

9. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

12. Defendant is a pork producer and food-processing company based in Smithfield, Virginia.

13. Defendant operates pork processing plants in various cities throughout the United States.

14. Defendant employed Plaintiff between May 2017 and June 2020 as a production employee. Specifically, Plaintiff was a knife operator.

15. Plaintiff worked at Defendant's pork processing plant in Tar Heel, North Carolina.

16. Defendant employed other similarly situated employees as production employees at its pork processing plants throughout the United States.

17. Defendant classified Plaintiff and other similarly situated production employees as non-exempt employees.

18. Defendant paid Plaintiff and other similarly situated production employees on an hourly basis.

19. Plaintiff and other similarly situated production employees frequently worked over 40 hours per week.

20. Plaintiff worked on average between 42 and 70 hours per week.

**(Failure to Pay for All Hours Worked)**

21. Plaintiff and other similarly situated production employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of their personal protective equipment, including but not limited to an insulated thermal bib, a shirt, pants, a helmet, a hairnet, a beard guard, gloves, steel toe boots, ear plugs and/or safety glasses; b) washing their hands, getting their work assignments and walking to their assigned area of the production floor; and/or c) performing their production work.

22. The time Plaintiff and other production employees spent a) changing into and out of their personal protective equipment, including but not limited to an insulated thermal bib, a

shirt, pants, a helmet, a hairnet, a beard guard, gloves, steel toe boots, ear plugs and/or safety glasses; b) washing their hands, getting their work assignments and walking to their assigned area of the production floor; and/or c) performing their production work was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

23.  Changing into and out of their personal protective equipment, including but not limited to an insulated thermal bib, a shirt, pants, a helmet, a hairnet, a beard guard, gloves, steel toe boots, ear plugs and/or safety glasses; washing their hands, getting their work assignments and walking to their assigned area of the production floor; and/or performing their production work are intrinsic elements of their job duties.  Plaintiff and other similarly situated production employees cannot dispense with these tasks if they are to be able to perform their work.

24.  Plaintiff and other similarly situated production employees were not paid for time spent a) changing into and out of their personal protective equipment, including but not limited to an insulated thermal bib, a shirt, pants, a helmet, a hairnet, a beard guard, gloves, steel toe boots, ear plugs and/or safety glasses; b) washing their hands, getting their work assignments and walking to their assigned area of the production floor; and/or c) performing their production work.

25. The time Plaintiff and other similarly-situated production employees spent donning their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, the Occupational Safety and Health Administration ("OSHA"), and was performed for Defendant's benefit in that it helped keep the production floor safe, and helped promote a more safe and efficient manufacturing process.

26. The amount of time Plaintiff and other similarly situated production employees spent on this required and unpaid work amounted to approximately 15 to 30 minutes each day.

27. As a result of Defendant's practices and policies, Plaintiff and other similarly situated production employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

**(Defendant Willfully Violated the FLSA)**

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

30. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All former and current hourly production employees of Smithfield Foods, Inc., at its pork processing plants in the United States employed at any time between April 13, 2018 and the present.

31. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least several thousand persons.

32. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages.

33. Plaintiff is representative of those other employees and is acting on behalf of their

interests as well as her own in bringing this action. She and the proposed class were suffered or permitted to work more than 40 hours in one or more workweeks in the relevant time period; their compensable work time as described herein was not recorded; and they were not paid the overtime wages due. Plaintiff's FLSA claim is the same or similar to the claims of the other potential class members.

34. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Defendant's practice and policy of not paying Plaintiff and other similarly situated production employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

37. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated production employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

38. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

39. As a result of Defendant's practices and policies, Plaintiff and other similarly situated production employees have been damages in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class she represents actual damages for unpaid wages;

D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

H. For a trial by jury on all issues so triable.

                                      **JESSICA SMITH and all other similarly situated**

                                      /s/ James R. Theuer
                                      James R. Theuer (VSB #68712)
                                      James R. Theuer, PLLC

555 E. Main Street, Ste. 1212
Norfolk, VA 23510
Phone: 757-446-8047
Facsimile: 757-446-8048
jim@theuerlaw.com

and

/s/ Lori M. Griffin
Lori M. Griffin
*will file for Pro Hac Vice*
Anthony J. Lazzaro
*will file for Pro Hac Vice*
Chastity L. Christy
*will file for Pro Hac Vice*
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff