UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| TAMESHA GHOLSTON,<br>DAVID KOLB,<br>    and<br>CHRISTIAN GOLIGHTLY,<br><br>on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SMITHFIELD FOODS, INC.,<br>SMITHFIELD PACKAGED MEATS<br>    CORP.,<br>SMITHFIELD FRESH MEATS CORP.,<br>    and<br>SMITHFIELD DISTRIBUTION, LLC,<br><br>    Defendants. | Case no. 2:21cv194 |

## SECOND AMENDED COMPLAINT

Now come Plaintiffs Tamesha Gholston, David Kolb, and Christian Golightly ("Plaintiffs") by and through counsel, pursuant to Federal Rule of Civil Procedure 15(a)(2), and for their Second Amended Complaint against Defendants Smithfield Foods, Inc., Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp., and Smithfield Distribution, LLC ("Defendants"), state and allege the following:

### INTRODUCTION

1. This is a "collective action" instituted by Plaintiffs as a result of Defendants' practices and policies of not paying its non-exempt employees, including Plaintiffs and other

similarly situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this Judicial District and maintain their principal place of business at 200 Commerce St, Smithfield, VA, 23430.

## PARTIES

4. At all times relevant herein, Plaintiff Gholston was a citizen of the United States and a resident of the City of Portsmouth, Virginia.

5. At all times relevant herein, Plaintiff Kolb was a citizen of the United States and a resident of Minnehaha County, South Dakota.

6. At all times relevant herein, Plaintiff Golightly was a citizen of the United States and a resident of Hamilton County, Indiana.

7. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e).

8. At all times relevant herein, Defendant Smithfield Foods, Inc., was a corporation organized and existing under the laws of the State of Virginia with its principal office at 200 Commerce Street, Smithfield, Virginia.

9. At all times relevant herein, Defendant Smithfield Packaged Meats Corp. was a corporation organized and existing under the laws of the State of Delaware and licensed to

conduct business in the State of Virginia with its principal office at 200 Commerce Street, Smithfield, Virginia.

10. At all times relevant herein, Defendant Smithfield Fresh Meats Corp. was a corporation organized and existing under the laws of the State of Delaware and licensed to conduct business in the State of Virginia with its principal office at 200 Commerce Street, Smithfield, Virginia.

11. At all times relevant herein, Defendant Smithfield Distribution, LLC was a limited liability corporation organized and existing under the laws of the State of Delaware with its principal office at 200 Commerce Street, Smithfield, Virginia.

12. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

13. At times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

14. At all times relevant herein, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

16. Upon information and belief, Defendant Smithfield Foods, Inc. is the owner and operator of Smithfield Packaged Meats Corp., Smithfield Fresh Meats Corp. and Smithfield Distribution, LLC.

17. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of

operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

18. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

19. Defendants are pork producers and food-processing companies based in Smithfield, Virginia.

20. Defendants operate pork processing, packaging and distribution plants in various cities throughout the United States.

21. Defendant Smithfield Foods, Inc. and Smithfield Fresh Meats Corp. employed Plaintiff Gholston between February 2019 and August 2019 as a production employee. Specifically, Plaintiff was a cut floor employee.

22. Defendant Smithfield Foods, Inc. and Smithfield Packaged Meats Corp. employed Plaintiff Kolb between August 2019 and April 2020 as production employee. Specifically, Plaintiff was a quality assurance technician.

23. Defendant Smithfield Foods, Inc. and Smithfield Distribution LLC employed Plaintiff Golightly between May 2018 and October 2018 as a production employee. Specifically, Plaintiff was a forklift operator.

24. Plaintiff Gholston worked at Defendants' facility in Smithfield, Virginia.

25. Plaintiff Kolb worked at Defendants' facility in Sioux Falls, South Dakota.

26. Plaintiff Golightly worked at Defendants' facility in Indianapolis, Indiana

27. Defendants employed other similarly situated employees as production employees at its pork processing, packaging, and distribution plants throughout the United States.

4

28.     Defendants classified Plaintiffs and other similarly situated production employees as non-exempt employees.

29.     Defendants paid Plaintiffs and other similarly situated production employees on an hourly basis.

30.     Plaintiffs and other similarly situated production employees frequently worked over 40 hours per week.

31.     Plaintiff Gholston worked on average between 42 and 50 hours per week.

32.     Plaintiff Kolb worked on average 48 hours per week.

33.     Plaintiff Golightly worked on average between 40 and 45 hours per week.

**(Failure to Pay for All Hours Worked)**

34.     Plaintiffs and other similarly situated production employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of their personal protective equipment, including but not limited to an insulated thermal bib, a shirt, pants, a helmet, a hairnet, a beard guard, gloves, steel toe boots, ear plugs and/or safety glasses; b) washing their hands, getting their work assignments and walking to their assigned area of the production floor; and/or c) performing their production work.

35.     The time Plaintiffs and other production employees spent a) changing into and out of their personal protective equipment, including but not limited to an insulated thermal bib, a shirt, pants, a helmet, a hairnet, a beard guard, gloves, steel toe boots, ear plugs and/or safety glasses; b) washing their hands, getting their work assignments and walking to their assigned area of the production floor; and/or c) performing their production work was an integral and

indispensable part of their principal activities, was required by Defendants, and was performed for Defendants' benefit.

36. Changing into and out of their personal protective equipment, including but not limited to an insulated thermal bib, a shirt, pants, a helmet, a hairnet, a beard guard, gloves, steel toe boots, ear plugs and/or safety glasses; washing their hands, getting their work assignments and walking to their assigned area of the production floor; and/or performing their production work are intrinsic elements of their job duties. Plaintiffs and other similarly situated production employees cannot dispense with these tasks if they are to be able to perform their work.

37. Plaintiffs and other similarly situated production employees were not paid for time spent a) changing into and out of their personal protective equipment, including but not limited to an insulated thermal bib, a shirt, pants, a helmet, a hairnet, a beard guard, gloves, steel toe boots, ear plugs and/or safety glasses; b) washing their hands, getting their work assignments and walking to their assigned area of the production floor; and/or c) performing their production work.

38. The time Plaintiffs and other similarly-situated production employees spent donning their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendants, the Occupational Safety and Health Administration, and was performed for Defendants' benefit in that it helped keep the production floor safe, and helped promote a more safe and efficient manufacturing process.

39. The amount of time Plaintiffs and other similarly situated production employees spent on this required and unpaid work amounted to approximately 15 to 30 minutes each day.

40. As a result of Defendants' practices and policies, Plaintiffs and other similarly situated production employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

### (Defendants Willfully Violated the FLSA)

41. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs bring Count One of this action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

43. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as follows:

> All former and current production employees of Smithfield Foods, Inc., Smithfield Packaged Meats Corp, Smithfield Fresh Meats Corp., and Smithfield Distribution LLC, between April 13, 2018 and the present.

44. Plaintiffs are unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at several thousand persons.

45. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as their own in bringing this action.

46. These similarly situated employees are known to Defendants and are readily

identifiable through Defendants' payroll records.  These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

47. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

48. Defendants' practice and policy of not paying Plaintiffs and other similarly situated production employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

49. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly situated production employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

50. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

51. As a result of Defendants' practices and policies, Plaintiffs and other similarly situated production employees have been damages in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court hold Defendants jointly and severally liable, and:

A. Issue an order permitting this litigation to proceed as a collective action;

B.  Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.  Award Plaintiffs and the class they represent actual damages for unpaid wages;

D.  Award Plaintiffs and the class they represent liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the class;

E.  Award Plaintiffs and the class they represent pre- and post-judgment interest at the statutory rate;

F.  Award Plaintiffs and the class they represent attorneys' fees, costs, and disbursements;

G.  Award Plaintiffs and the class they represent further and additional relief as this Court deems just and proper; and,

H.  For a trial by jury on all issues so triable.

**TAMESHA GHOLSTON, DAVID KOLB, CHRISTIAN GOLIGHTLY, and all others similarly situated**

/s/ James R. Theuer
James R. Theuer (VSB #68712)
James R. Theuer, PLLC
555 E. Main Street, Ste. 1212
Norfolk, VA 23510
Phone:  757-446-8047
Facsimile:  757-446-8048
jim@theuerlaw.com

and

/s/ Lori M. Griffin
Alanna Klein Fischer (0090986)
*Admitted Pro Hac Vice*
Lori M. Griffin (0085241)
*Admitted Pro Hac Vice*

            Anthony J. Lazzaro (0077962)
            *Admitted Pro Hac Vice*

            The Lazzaro Law Firm, LLC
            The Heritage Bldg., Suite 250
            34555 Chagrin Boulevard
            Moreland Hills, Ohio 44022
            Phone: 216-696-5000
            Facsimile: 216-696-7005
            alanna@lazzarolawfirm.com
            lori@lazzarolawfirm.com
            anthony@lazzarolawfirm.com
            Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

   I hereby certify that on May 5, 2022, I electronically filed a copy of the foregoing. Notice of this filing will be sent to all parties via the Court's electronic filing system. Parties may access the filing through the Court's system.

            /s/
            James R. Theuer (VSB #68712)
            Counsel for Defendant
            JAMES R. THEUER, PLLC
            555 E. Main St., Suite 1212
            Norfolk, VA 23510
            Tel: (757) 446-8047
            Fax: (757) 446-8048
            jim@theuerlaw.com